UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON KLIMIS,

    Plaintiff,

v.                                  CASE No. 8:04-CV-1015-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

        The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits and possibly for a claim for supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed.

I.

        The plaintiff, who was forty-seven years old at the time of the administrative hearing and who has a high school education, has worked as a cashier and a bank teller (Tr. 71). She filed a claim for

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 5).

Social Security disability benefits and purportedly for supplemental security income payments, alleging that she became disabled due to fibromyalgia, Crohn's disease, diabetes and heart problems (Tr. 70). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff last met the insured status for disability benefits on March 31, 1997 (Tr. 17). Nevertheless, he considered whether the plaintiff was disabled after that date. The law judge concluded that the plaintiff suffers from severe impairments of "Crohn's disease vs. gastritis, fibromyalgia, diabetes, atypical chest pain, and degenerative disc disease of the lumbar spine and the right knee, status-post arthroscopic surgery" (<u>id</u>.). The law judge determined that these impairments limited the plaintiff to a full range of sedentary work (<u>id</u>.). He ruled further that this limitation prevented the plaintiff from returning to prior work. However, based upon the plaintiff's residual functional capacity, her age and her education, the law judge found that the medical-vocational guidelines directed a finding of not disabled (Tr. 18). Accordingly, the law judge decided that the plaintiff was not disabled either before March 31, 1997,

or at any time up to the date of his decision on July 24, 2003 (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, also, the plaintiff must show that she became disabled before her insured status expired on March 31, 1997, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to a claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal

requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

   B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1501 et seq. Those regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

III.

The parties and the law judge approached this case as if the plaintiff had filed applications both for disability benefits and supplemental security income. However, although the record contains the application for disability benefits (Tr. 61), it does not, as the Commissioner notes (Doc. 12, p. 2 n.1), contain any application for supplemental security income. Moreover, there are indications in the administrative record that the plaintiff applied only for disability benefits (e.g., Tr. 50, 55, 58). Notably, the appointment form for the plaintiff's representative indicated that representation was only for a disability benefit claim (Tr. 20). Consequently, it appears to me that it may have been a mistake for the law judge to list a claim for supplemental security income, and that no such claim was filed.

Significantly, the absence of a claim for supplemental security income in this case would not be surprising. The record contains information that the plaintiff and/or her husband owned a certain business (see, e.g., Tr. 166). That information raises doubt whether the plaintiff would qualify for supplemental security income.

If, as it appears to me, the plaintiff's sole claim is for disability benefits, her challenge to the law judge's decision is clearly meritless. As indicated, in order to establish such a claim, the plaintiff would have to demonstrate that she was disabled prior to March 31, 1997. The law judge correctly pointed out that "there is very little documented medical evidence dealing with the period prior to March 31, 1997, and the majority of evidence deals with the period from 2000 and subsequently" (Tr. 16). Thus, it was in 2000 when the plaintiff was diagnosed with Crohn's disease, diabetes, and fibromyalgia (id.). In contrast, there is a hospital record from August 29, 1997, almost five months after the plaintiff's insured status expired, which states that, up to that point when the plaintiff presented with complaints of nausea, chest discomfort and shortness of breath, she "was in her usual state of health, feeling well" (Tr. 166).

In short, the evidence clearly fails to support a claim of disability on, or before, March 31, 1997. Therefore, in all events, the denial of the plaintiff's claim for disability benefits will be affirmed.

In addition, assuming that the plaintiff filed a claim for supplemental security income and that the evidence after March 31,

1997, is therefore material, the plaintiff has failed to demonstrate that the law judge erred in rejecting that claim. The plaintiff challenges the decision on two grounds, both of which relate essentially to the lack of any statement by a treating or examining doctor regarding the plaintiff's functional limitations. Importantly, what the plaintiff has not challenged is the law judge's credibility determination. Furthermore, the plaintiff has not attacked the law judge's use of the guidelines. Any arguments along those lines are therefore deemed waived (see Doc. 8, ¶1).

  The plaintiff contends first that the law judge failed properly to determine the plaintiff's residual functional capacity. In this respect, the plaintiff points to Social Security Ruling 96-8p, which directs that the law judge must first assess the individual's limitation on a function-by-function basis before stating the general exertional capacity, such as sedentary, light or medium. The law judge followed that approach here. Thus, he determined that the plaintiff could engage in "pushing, pulling, lifting, and/or carrying up to 10 pounds occasionally and up to five pounds frequently; sitting about 6 hours in an 8-hour workday[;] standing, and/or walking about two hours during an eight-hour workday; with alterations periodically" (Tr. 16). Accordingly, the law judge found

that the plaintiff could perform the full range of sedentary work (Tr. 16, 17). The plaintiff in her argument has not pointed to any evidence in the record that even controverts these findings, much less that would compel more restrictive limitations.

The plaintiff's argument on this point, rather, is that the law judge's residual functional capacity assessment is not supported by medical evidence from any doctors (Doc. 11, p. 8). Thus, she states that the law judge "failed to offer support for his RFC from a treating, examining, or non-examining physician" (id. at p. 9).

The Commissioner correctly responds that there is nothing in the regulations or Eleventh Circuit authority that requires that a law judge's determination of a residual functional capacity be based on express findings from a doctor. Under the regulations, the responsibility for finding a claimant's residual functional capacity is reposed in the law judge (or other administrative fact-finder). 20 C.F.R. 404.1546, 416.946. While the law judge is to consider any functional limitations opined by a doctor, 20 C.F.R. 404.1527, 416.927, the law judge is not foreclosed from exercising his responsibility if there are no such opinions. Rather,

the law judge proceeds to make his finding of residual functional capacity based upon all the evidence that is before him.

In this case, the law judge obviously concluded that there was sufficient evidence in the record to permit him to make a finding of the plaintiff's residual functional capacity and he proceeded to do so. Importantly, the plaintiff has made no meaningful attempt to show that the law judge's determination of the plaintiff's residual functional capacity is not supported by substantial evidence.

The plaintiff's second contention is that the law judge failed to develop the medical record. On this contention, she argues, "[s]pecifically, the ALJ erred by not recontacting Plaintiff's treating physicians regarding their assessment of Plaintiff's limitations" (Doc. 11, p. 9).

As previously indicated, nothing in the regulations or Eleventh Circuit authority requires that the record contain opinions from a doctor regarding functional limitations before the law judge can exercise his responsibility to make a finding of residual functional capacity. Moreover, in this case, the law judge plainly concluded that the evidence in the record was sufficient to allow him to make a residual

functional capacity finding and that it was unnecessary to contact plaintiff's doctors about that matter. The plaintiff has not demonstrated that these conclusions were unreasonable.

Furthermore, the plaintiff has the burden to establish that she is disabled. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Consequently, if the plaintiff, who had a representative at the hearing stage, thought that her claim(s) would have been benefitted by opinions from treating physicians regarding her limitations, then she should have obtained them. After all, it is the plaintiff who has the relationship with the treating doctors and is in a better position to obtain medical opinions from them. Accordingly, the law judge cannot reasonably be faulted for failing to obtain any such opinions. See id.

In addition, as the Commissioner notes (Doc. 12, p. 8 n.4), even if the law judge had failed to develop the record, a remand is not warranted unless the plaintiff can demonstrate prejudice from an incomplete record. Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997). In this case, there is no indication that the plaintiff has been prejudiced by an incomplete record. In particular, the plaintiff has not adduced any information suggesting that the plaintiff's doctors would

opine that the plaintiff had functional limitations more restrictive than those found by the law judge. Under these circumstances, a remand is not justified in order to satisfy the plaintiff's speculative hope that at a further hearing some favorable information may be developed.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this <u>28th</u> day of June, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE